IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANA DE'SALLE ZEIGLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV-065-JHP-FHM |
| | ) |
| DEPUTY OTALVARO; | ) |
| SARGENT STRAIGHT; | ) |
| SHERIFF GLANZ, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On January 31, 2013, Plaintiff, a prisoner appearing pro se, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1), and a motion to proceed in forma pauperis (Dkt. # 2). He also provided three (3) completed summonses and three (3) partially completed USM-285 Marshal service forms. By Order filed February 5, 2013 (Dkt. # 3), the Court granted Plaintiff's motion to proceed in forma pauperis and directed him to pay an initial partial filing fee of $11.97. On March 13, 2013, Plaintiff paid an initial partial filing fee of $12.00. For the reasons discussed below, the Court finds the complaint is subject to being dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Plaintiff shall be afforded the opportunity to file an amended complaint should he be able to cure the deficiencies identified herein.

**A. Background**

Plaintiff asserts that this Court's jurisdiction arises under 42 U.S.C. § 1983. See Dkt. # 1 at 2. In the "Nature of Case" section of the complaint, Plaintiff describes the background of his case, as follows: "Deputy Otalvaro assaulted me and used excessive force in the facility kitchen on January 1, 2012. This incident tore muscles in my right shoulder, which left me with limited use of my right shoulder." See id. Plaintiff names three defendants: Deputy Otalvaro, Sargent Straight,

and Sheriff Glanz. He identifies two claims. The entire description of his claims, as provided by Plaintiff, is as follows:

> Count I: Assault on an inmate.
> On January 1st, 2012 @ approx. 9:30 a.m., Deputy Otalvaro assaulted and used excessive force in the kitchen area which was videoed by facility cameras.
>
> Count II: Excessive force.

(Dkt. # 1). As his request for relief, Plaintiff asks for "the admission of guilt, repair damages and rehabilitation for damages to my shoulder by qualified doctors, as well as mental and punitive damages." Id. at 3.

**B. Analysis**

   **1. Dismissal standard**

To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v.

2

Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

**2. Plaintiff's complaint is subject to being dismissed**

After liberally construing Plaintiff's pro se complaint, see Haines, 404 U.S. at 520-21; Hall, 935 F.2d at 1110, the Court finds that the complaint is subject to being dismissed for failure to state a claim upon which relief may be granted.

**a.      State action required element of § 1983 claim**

On the face of his complaint, Plaintiff states that Defendants Otalvaro and Straight were not acting under the color of state law at the time the claims alleged in the complaint arose. See Dkt. # 1 at 1. Without state action, this complaint is subject to being dismissed for failure to state a claim upon which relief may be granted. Section 1983 provides as follows:

> Every person who, **under color of any statute, ordinance, regulation, custom, or usage, of any State** or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

3

> Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). The emphasized language establishes that to be liable under § 1983, the defendant must have acted under color of state law (i.e., he must have been a state actor). See, e.g., Jett v. Dallas Independent School District, 491 U.S. 701, 724-25 (1989); Harris v. Champion, 51 F.3d 901, 909 (10th Cir. 1995). In this case, Plaintiff claims that defendants were not acting under color of state law when the incident giving rise to his claims occurred. For that reason, the complaint is subject to being dismissed without prejudice for failure to state a claim upon which relief may be granted.

### b. Any claim against Defendants Sargent Straight and Sheriff Glanz is subject to dismissal

Plaintiff's complaint is devoid of factual allegations concerning the roles played by Defendants Straight and Glanz in the incident giving rise to Plaintiff's claims. Plaintiff is advised that personal participation is an essential element of a § 1983 claim. Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976); see also Garrett v. Stratman, 254 F.3d 946, 950 n.4 (10th Cir. 2001) (noting that medical official must have "played a role in the challenged conduct" to be liable for an Eighth Amendment violation). As a result, government officials have no vicarious liability in a section § 1983 suit for the misconduct of their subordinates because "there is no concept of strict supervisor liability under section 1983." Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996) (quotation omitted). Instead, a supervisor is liable only if he is "personally involved in the constitutional violation and a sufficient causal connection . . . exist[s] between the supervisor and the constitutional violation." Serna v. Colo. Dep't of Corr., 455 F.3d 1146, 1151 (10th Cir. 2006) (quotation omitted); see also Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 19898) (stating that

to establish a § 1983 claim against a supervisor, the plaintiff must show that an "affirmative link exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise" (quotations and alterations omitted)).

Although Plaintiff names Sheriff Glanz as a defendant in the caption of his complaint, he fails to explain a basis for Defendant Glanz's liability. Similarly, Plaintiff names Sargent Straight as a defendant, identifying him only as "Sargent." See Dkt. # 1 at 1. To the extent he has sued Defendants Glanz and Straight in their individual capacity, Plaintiff fails to allege that either Defendant Glanz or Defendant Straight personally participated in, had knowledge of, or acquiesced in the alleged wrongdoing. Nowhere in the complaint does Plaintiff describe any acts or omissions by Defendants Glanz and Straight giving rise to a constitutional violation. It appears that Plaintiff seeks to hold those defendants liable based solely on their roles as supervisors. Therefore, Plaintiff's complaint fails to state a claim upon which relief may be granted as to Defendants Glanz and Straight. For that reason, those defendants are subject to being dismissed from this action without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.  Opportunity to amend**

Plaintiff will be afforded the opportunity to file an amended complaint to cure the deficiencies identified herein. If Plaintiff files an amended complaint, he must state specifically how and when each named defendant violated his constitutional rights. Plaintiff is advised that the amended complaint will replace and supersede the original complaint and must be complete in itself without reference to the superseded pleading. See LCvR9.2(c). If Plaintiff fails to file an amended complaint, this action will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**D. Service documents**

Should Plaintiff file an amended complaint curing the deficiencies identified above, the Court may consider directing service of process by the United States Marshal. When Plaintiff filed his complaint, he provided three completed summonses. He also provided three USM-285 Marshal service forms. However, Plaintiff failed to complete the forms. Specifically, Plaintiff failed to provide his return address and failed to sign and date the forms. If Plaintiff files an amended complaint, he will be required to complete and return the USM-285 forms. The Clerk of Court will be directed to return the partially completed forms to Plaintiff so that he may fill in his return address, sign them on the line marked with a red "X," and date them. He should then return the completed forms promptly to the Clerk of Court.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Within thirty (30) days of the entry of this Order, or on or before **April 18, 2013**, Plaintiff may file an amended complaint using the court-approved form and curing the deficiencies identified herein.
2. If Plaintiff fails to file an amended complaint, this action will be dismissed without prejudice for failure to state a claim upon which relief may be granted.
3. The Clerk of Court shall send Plaintiff a blank civil rights complaint (form PR-01), marked "amended" and identified as Case No. 13-CV-065-JHP-FHM, for Plaintiff's use in complying with this Order.

4. The Clerk of Court shall return the partially completed USM-285 forms provided to Plaintiff so that he may complete and sign them. He should then return them promptly to the Clerk of Court.

DATED THIS 15th day of March, 2013.

*James H. Payne*
United States District Judge
Northern District of Oklahoma